UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KAMERON HUCKLEBY, | ) | |
| | ) | |
| Plaintiff, | ) | No. 1:25-cv-06469 |
| | ) | |
| v. | ) | Hon. Jeremy C. Daniel |
| | ) | District Judge |
| CITY OF CHICAGO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR
MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

NOW COME Defendants City of Chicago, Andrew Stewart, Danielle Clifford, and Kristen Daniels, by and through one of their attorneys, Jahnee' Hughes, Assistant Corporation Counsel for the City of Chicago, and for their Reply in Support of their Motion to Dismiss Plaintiff's Amended Complaint, state as follows:

**BACKGROUND**

On May 22, 2025, Plaintiff filed his amended complaint in the Circuit Court of Cook County. Plaintiff alleged that the officers violated his rights when he was arrested and prosecuted without probable cause. See Am. Compl., ECF No. 1-2. The Defendants removed the instant case on June 11, 2025. Not. of Removal, ECF No. 5; *see also* Exhibit A, Notice of Removal in *Kameron Huckleby v. City of Chicago, et al.*, 2025L001821 (Cir. Ct. of Cook Cty.). On June 18, 2025, Defendants filed a motion to dismiss the amended complaint. Mot. to Dismiss, ECF No. 9. A copy of the motion was served on Plaintiff on June 18, 2025. *See* Exhibit B.

1

In the Defendants' motion to dismiss, the Defendants raised numerous grounds to dismiss the amended complaint. Specifically, that probable cause defeated Plaintiff's false and malicious prosecution claims, that he pled himself out of court when he alleged that the officers relied on statements they heard from other witnesses, and the officers are entitled to qualified immunity because they had probable cause to arrest and prosecute Plaintiff for driving under the influence. *Id.*

On June 20, 2025, this Court ordered Huckleby to respond to the motion to dismiss by July 11, 2025. ECF No. 11. Huckleby filed his response on July 16, 2025. Response, ECF No. 12. Because Huckleby failed to address the arguments raised in Defendants' motion to dismiss, this Court should grant Defendants' motion and dismiss the amended complaint.

## ARGUMENT

As a preliminary matter, Huckleby alleges that he did not receive a copy of Defendants' Motion. Response, ECF No. 12. However, Huckleby was on notice that this case was removed from state court to federal court. Ex. A. Huckleby also knew that Defendants filed a motion and received a copy of the Motion when it was served at the email address registered to receive electronic court filings.[1] *See* Ex. B. Plaintiff's response is devoid of any argument to support the denial of the Defendants' Motion to Dismiss. For that reason and because the officers had probable cause, dismissal of his amended complaint *with prejudice* is appropriate.

First, this Court should accept the arguments raised by Defendants in their Motion to Dismiss and find those arguments prevail on their merits as to why Huckleby's amended complaint fails to state claims against Defendants upon which relief may be granted under Rule 12(b)(6).

---

[1] Huckleby is a frequent litigant with a pattern of serial filings, having initiated multiple lawsuits in the Northern District of Illinois. Some of his cases include *Huckleby v. DuPage County Dep't of Corrections, et al.*, 25 C 03778 and *Huckleby v. Dart, et al.*, 23 C 16713. To the extent that Huckleby is requesting some leniency, he is misguided.

2

Second, under Seventh Circuit case law, this Court can grant Defendants' Motion to Dismiss in full based solely on Huckleby's failure to respond to the Motion and consequent waiver of any response. *See Braun v. Vill. of Palatine*, 56 F.4th 542, 553 (7th Cir. 2022) (affirming dismissal of claim where the plaintiff "never argued that it shouldn't be dismissed" based on the principle that a "litigant 'waives an argument by failing to make it before the district court,'" and "[t]his rule applies when 'a party … effectively abandons' the issue 'by not responding to alleged deficiencies in a motion to dismiss.'") (quoting *Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011)); *Lee v. Ne. Ill. Reg'l Commuter R.R. Corp.*, 912 F.3d 1049, 1053–54 (7th Cir. 2019) (explaining "even a complaint that passes muster under the liberal notice pleading requirements of Federal Rule of Civil Procedure 8(a)(2) can be subject to dismissal if a plaintiff does not provide argument in support of the legal adequacy of the complaint," and "[t]his rule applies … when a litigant effectively abandons the litigation by not responding to alleged deficiencies in a motion to dismiss.") (citing *Alioto*, 651 F.3d at 721); *Sapp v. Foxx*, No. 1:22-CV-5314, 2023 WL 4105942, at *3 (N.D. Ill. June 21, 2023) ("In essence, Sapp fails to develop an argument on an exception to sovereign immunity. The Court cannot step in to develop it for him. The result is that he effectively abandons or forfeits his litigation of this key issue.") (citing *Alioto*, 651 F.3d at 721); *ATC Healthcare Servs., Inc. v. RCM Techs., Inc.*, 282 F. Supp. 3d 1043, 1050 (N.D. Ill. 2017) ("For its part, ATC does not respond to CPS and RCM's argument, which is enough to dismiss the claim by itself. Failure to respond to an argument in a motion to dismiss permits an inference of acquiescence to the argument which acts as a waiver.") (citing *Alioto*, 651 F.3d at 721). Based on the above Seventh Circuit case law, which this Court has itself applied multiple times on Rule 12(b)(6) motions to dismiss, *see Sapp*, 2023 WL 4105942, at *1–2; *ATC Healthcare*, 282 F. Supp. 3d at 1048, this Court should hold Huckleby has waived any arguments in response to Defendants'

3

Motions to Dismiss. For that reason and the reasons addressed in Defendants' Motion, his amended complaint should be dismissed.

## CONCLUSION

Accordingly, Defendants respectively request that this Court grant Defendants' Motion to Dismiss and dismiss Huckleby's amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted.

Dated: July 18, 2025

Respectfully Submitted,

CITY OF CHICAGO, ANDREW STEWART, DANIELLE CLIFFORD, and KRISTEN DANIELS

By: */s/* Jahnee' Hughes
Jahnee' Hughes

Jahnee' Hughes, Assistant Corporation Counsel
David Condron, Assistant Corporation Counsel Supervisor
City of Chicago Department of Law
Federal Civil Rights Litigation Division
2 North LaSalle Street, Suite 420
Chicago, Illinois 60602
312-742-9298 (Hughes)
Jahnee.Hughes2@cityofchicago.org

## **CERTIFICATE OF SERVICE**

    I hereby certify that on July 18, 2025, I caused a true and correct copy of the above and foregoing **Defendants' Reply in Support of Their Motion to Dismiss Plaintiff's Amended Complaint** to be served on Plaintiff Kameron Huckleby via email.

                                                    By:  */s/* Jahnee' Hughes
                                                                 Jahnee' Hughes