## UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

KAMERON HUCKLEBY,
Plaintiff

v.

CITY OF CHICAGO, *et al.*,
Defendants

No. 25 CV 6469

Judge Jeremy C. Daniel

## ORDER

The defendants' motion to dismiss [9] is denied as to Counts I and II. The Court dismisses Count III for failure to state a claim. The defendants shall answer the complaint by August 21, 2025.

## STATEMENT

Plaintiff Kameron Huckleby, proceeding *pro se*, initially filed this lawsuit in the Circuit Court of Cook County against defendants Officer Andrew Stewart, Officer Danielle Clifford, Officer Kristen Daniels, and the City of Chicago ("Chicago"). (R. 1-1.)[1] He amended his complaint in state court, (R. 1-2), and the defendants subsequently removed the action to federal court, (R. 1).

Huckleby asserts that, following a car crash, he was wrongfully arrested for driving under the influence. (R. 1-2 at 2.) According to Huckleby, the accident occurred "due to a breakage of an axel on the vehicle." (*Id.* at 3.) Huckleby alleges that the defendant officers "were involved in [the] collision," but also says that "[n]either of the officers were on the scene" when the crash occurred. (*Id.* at 2.) Huckleby asserts that he was "arrested due to someone's false allegations," though he does not say whose. (*Id.* at 3.) He states that while at the scene "[t]here was no blood drawn/field sobriety [test] or anything else taken." (*Id.*) According to Huckleby, the defendants "claimed [he] was impaired, but no lawful basis existed for arrest or charges." (*Id.*) After his detention, Huckleby was released, and charges were dismissed. (*Id.*) He now brings this 42 U.S.C. § 1983 action alleging (1) false arrest pursuant to the Fourth Amendment, (2) malicious prosecution, and (3) municipal liability pursuant to *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). (*Id.*) The defendants move to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). (R. 9.)

---

[1] For ECF filings, the Court cites to the page number(s) set forth in the document's ECF header unless citing to a particular paragraph or other page designation is more appropriate.

Huckleby did not respond to the motion; rather, he filed a "response" stating that he did not receive notice via mail and asks the case to be "reheard." (R. 12.)

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Calderon-Ramirez v. McCarment*, 877 F.3d 272, 275 (7th Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) (quotations omitted). The Court "draw[s] all reasonable inferences in [the plaintiff's] favor." *Chaidez v. Ford Motor Co.*, 937 F.3d 998, 1004 (7th Cir. 2019) (citations omitted). The Court will not accept legal conclusions or conclusory allegations. *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011). Given that the movant on a motion to dismiss must show an entitlement to relief, district courts will evaluate motions to dismiss regardless of whether the nonmovant has filed a response. *See Brockett v. Effingham Cnty., Ill.*, 116 F.4th 680, 685 n.1 (7th Cir. 2024).

The defendants first argue that Huckleby's false arrest and malicious prosecution[2] claims are barred by the existence of probable cause. (R. 9 at 2.) Probable cause is a complete defense to claims of false arrest and malicious prosecution. *Gonzalez v. City of Elgin*, 578 F.3d 526, 537 (7th Cir. 2009) (false arrest) *Drain v. Barbee*, No. 10 C 3485, 2011 WL 3489874, at *5 (N.D. Ill. Aug. 9, 2011) (malicious prosecution). "[P]robable cause for an arrest exists 'if the totality of the facts and circumstances known to the officer at the time of the arrest would warrant a reasonable, prudent person in believing the arrestee had committed, was committing, or was about to commit a crime.'" *United States v. Sands*, 815 F.3d 1057, 1062 (7th Cir. 2015) (quoting *Abbott v. Sangamon Cnty., Ill.*, 705 F.3d 706, 714 (7th Cir. 2013)).

Here, construing the facts in the light most favorable to Huckleby, there was no probable cause. Huckleby alleges that he was in his vehicle at the time of the accident, and that "collision occurred due to a breakage of an axel on the vehicle." (R. 1-2 at 3.) He asserts that someone made allegations about him that led to his arrest, and that the defendants claimed he was impaired. (*Id.*) Huckleby also states that the officers were not on the scene when the collision occurred. (*Id.* at 2–3.) A reasonable inference that can be drawn from these allegations is that Huckleby was in a car accident, officers arrived on the scene, and claimed he was intoxicated as a basis for arrest. That Huckleby was "arrested due to someone's false allegations" could reasonably mean the officers' false allegations of impairment. (*Id.* at 3.) And Huckleby's assertion that the "[d]efendants claimed [the p]laintiff was impaired, but no lawful basis existed for arrest or charges," can reasonably be inferred to mean that Huckleby was not drinking or driving while intoxicated, and therefore no basis existed for his arrest.

---

[2] Because there is an Illinois tort claim for malicious prosecution, there is no corresponding § 1983 claim. *See Ray v. City of Chicago*, 629 F.3d 660, 664 (7th Cir. 2011) (finding dismissal of § 1983 malicious prosecution claim appropriate because Illinois state law governs this cause of action). The Court interprets Count II as being a state law claim, as opposed to a federal one.

Therefore, probable cause does not defeat Counts I and II when the allegations and reasonable inferences therefrom are viewed in a light favorable to the plaintiff.

The defendants also argue that they are entitled to qualified immunity on Huckleby's claims. (R. 9 at 4.) Qualified immunity does not extend to state law claims, *Jain v. Bd. of Educ. of Butler School Dist. 53*, 366 F. Supp. 3d 1014, 1019, n.4 (N.D. Ill. 2019), so this argument only extends to Count I, false arrest. "[D]ismissal under Rule 12(b)(6) is appropriate based on qualified immunity only when the plaintiffs' well-pleaded allegations, taken as true, do not 'state a claim of violation of clearly established law.'" *Hanson v. LeVan*, 967 F.3d 584, 590 (7th Cir. 2020) (quoting *Behrens v. Pelletier*, 516 U.S. 299, 306 (1996)). Further, in addition to showing that there was a violation of a statutory or constitutional right, that right must also have been "'clearly established' at the time of the alleged violation, such that a reasonable public official would have known his conduct was unlawful." *Id.* at 592 (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).

The defendants assert that they are entitled to qualified immunity because they had probable cause to arrest Huckleby. (R. 9 at 5.) However, the Court has already determined that, reading the allegations in the light most favorable to Huckleby, the defendants did not have probable cause to arrest; indeed, the allegations indicate that the defendants made false allegations to substantiate the arrest. (R. 1-2 at 3.) Police officers can be entitled to qualified immunity even when there is no probable cause if "'a reasonable officer could have mistakenly believed that probable cause existed.'" *Holmes v. City of Chicago*, 63 F. Supp. 3d 806, 816 (N.D. Ill. 2014) (quoting *Fleming v. Livingston Cnty., Ill.*, 674 F.3d 874, 879–80 (7th Cir. 2012)). But the allegations do not support the possibility that the officers mistakenly believed there was probable cause. And there is no duty to plead around a qualified immunity defense. *Phillips v. City of Chicago*, No. 18 C 0316, 2021 WL 1614503, at *3 (N.D. Ill. Apr. 26, 2021) (citations and quotations omitted). Therefore, the Court finds that the defendants are not entitled to qualified immunity on Count I; it may proceed at this time.

The defendants did not move to dismiss Count III, Huckleby's *Monell* claim, nor did they raise any substantive arguments as to Count II, malicious prosecution. But the Court can *sua sponte* dismiss a claim when it is "clear from the plaintiff's pleading that he does not state a claim." *Douglas v. Univ. of Chi.*, No. 14 C 7244, 2015 WL 738693, at *1 n.2 (N.D. Ill. Feb. 19, 2015) (citing *Ledford v. Sullivan*, 105 F.3d 354, 356 (7th Cir. 1997)). Establishing municipal liability under *Monell* requires the plaintiff to plead that there was "(1) an express policy that causes a constitutional deprivation when enforced; (2) a widespread practice that is so permanent and well-settled that it constitutes a custom or practice; or (3) an allegation that the constitutional injury was caused by a person with final policymaking authority." *Dean v. Wexford Health Sources, Inc.*, 18 F.4th 214, 235 (7th Cir. 2021) (citations and quotations omitted). No such allegations are in Huckleby's complaint. Therefore, the complaint fails to state a *Monell* claim and Count III must be dismissed.

The complaint also fails to state a claim for malicious prosecution. "Under Illinois law, a plaintiff claiming malicious prosecution must prove (1) commencement or continuation of a judicial proceeding, (2) favorable termination, (3) absence of probable cause, (4) malice, and (5) damages." *Johnson v. Perez*, No. 12 C 9225, 2025 WL 1029254, at *8 (N.D. Ill. Apr. 7, 2025) (citing *Hurlbert v. Charles*, 938 N.E.2d 507, 512 (Ill. 2010)). Here, Huckleby has not pled the existence of malice. Malice has "been defined as the initiation of a prosecution for an improper motive." *Id.* (quoting *Beaman v. Freesmeyer*, 183 N.E.2d 767, 792 (Ill. 2021)) (quotations omitted). "An improper motive for a prosecution is any reason other than to bring the responsible party to justice." *Id.* One can infer malice from the allegations that the officers lied when they described the plaintiff as intoxicated.

Date: July 30, 2025

JEREMY C. DANIEL
United States District Judge